

U. S. DEPARTMENT OF JUSTICE

William Ihlenfeld
United States Attorney
Northern District of West Virginia

**FILED**

AUG 2 3 2024

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street     Phone: (304) 623-7030
Suite 300     FAX: (304) 623-7031
Clarksburg, WV 26301

July 1, 2024

**VIA EMAIL:**

Richard Walker
Federal Defender's Office
230 West Pike Street, Suite 360
Clarksburg, WV 26301

       Re:    <u>United States v. David M. Anderson</u>, No. 1:23CR54

Dear Mr. Walker:

       The purpose of this letter is to extend a plea offer to your client, David M. Anderson. It is agreed between the United States and your client as follows.

       1.     Dr. Anderson will plead guilty to Count Four of the Superseding Indictment charging him with filing a false tax return in violation of 26 U.S.C. § 7206(1).

       2.     The maximum penalty to which Dr. Anderson will be exposed by virtue of his plea of guilty is imprisonment for a term of not more than 3 years, a fine of not more than $100,000.00, a period of supervised release of 1 year, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

       3.     Dr. Anderson will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Dr.

_____        July 11, 2024
David M. Anderson                           Date

_____        July 11, 2024
Richard Walker                              Date
Counsel for Dr. Anderson

Richard Walker
July 1, 2024
Page 2

Anderson will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia. Nothing contained in any statement or any testimony given by Dr. Anderson, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution by the United States.

    4.    Dr. Anderson understands that the use immunity granted in this agreement does not cover any statements or admissions that Dr. Anderson committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against Dr. Anderson in any state or federal prosecution. In this regard, Dr. Anderson admits that, prior to the proffer, pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is understood that any information obtained from Dr. Anderson in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Dr. Anderson's applicable advisory guideline range. Furthermore, if, in the opinion of the United States Attorney's Office, Dr. Anderson breaches this plea agreement, then any statement by Dr. Anderson made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against him without limitation. The United States agrees not to pursue any other federal crimes known to the United States as of the date of this plea agreement. Moreover, this agreement does not prevent Dr. Anderson from being prosecuted for any other violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Dr. Anderson for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

    5.    At final disposition, the United States will advise the Court of Dr. Anderson's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____
David M. Anderson

_____
Richard Walker
Counsel for Dr. Anderson

July 11, 2024
Date

July 11, 2024
Date

Richard Walker
July 1, 2024
Page 3

      6.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). Dr. Anderson understands, however, that the Court is not bound by these sentence recommendations, and that Dr. Anderson has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

      7.     Provided Dr. Anderson pays the $100.00 special assessment fees on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States Attorney's Office, Dr. Anderson accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) if Dr. Anderson gives timely and complete information about his own criminal involvement and provides timely notice of his intent to plead guilty by executing the plea agreement on or before July 15, 2024, the United States will recommend an additional one-level reduction if applicable; and 3) the United States will recommend a sentence of incarceration of six months.

      8.     If, in the opinion of the United States, Dr. Anderson either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, including providing a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and Dr. Anderson will not have the right to withdraw the plea.

      9.     Pursuant to Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate that that on or about October 13, 2021, within the Northern District of West Virginia, Dr. Anderson did willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2020, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040 U.S. Individual Income Tax Return, which was submitted to the Internal Revenue Service. On that tax return, the Dr. Anderson reported and caused to be reported that

_____
David M. Anderson

_____
Richard Walker
Counsel for Dr. Anderson

_July 11, 2024_
Date

_July 11, 2024_
Date

Richard Walker
July 1, 2024
Page 4

his taxable income for the calendar year $20,282.00 and that the amount of total tax was $9,298.00. In fact, as Dr. Anderson knew, his taxable income for the calendar year 2020 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America. In violation of Title 26, United States Code, Section 7206(1). The parties further stipulate that the tax loss for years 2017 through 2020 is more than $100,000.00 and less than $250,000.00.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Dr. Anderson's background criminal record, offenses charged in the information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Dr. Anderson or by his counsel.

11. Dr. Anderson understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

12. Dr. Anderson agrees pursuant to 18 U.S.C. § 3663(a)(3) to pay restitution to the IRS in the amount of $143,599.00.

13. Dr. Anderson agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Dr. Anderson agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office.

_____   _____
David M. Anderson           Date: July 11, 2024

_____   _____
Richard Walker              Date: July 11, 2024
Counsel for Dr. Anderson

Richard Walker
July 1, 2024
Page 5

Dr. Anderson also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access his credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Dr. Anderson agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. Dr. Anderson further agrees that any schedule of payments imposed by the Court represents his minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Dr. Anderson is sentenced to a period of incarceration, he agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Dr. Anderson agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of his payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, Dr. Anderson agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Dr. Anderson hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

14. Dr. Anderson is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if Dr. Anderson's sentence is within the statutory maximum, then Dr. Anderson waives the following rights:

> a. Dr. Anderson knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal his conviction on the ground that the statute(s) to which Dr. Anderson is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

_____           _July 11, 2024_____
David M. Anderson                    Date

_____           _July 11, 2024_____
Richard Walker                       Date
Counsel for Dr. Anderson

  b. Dr. Anderson knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of his criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

  c. Dr. Anderson waives the right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Dr. Anderson perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Dr. Anderson agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

  This waiver of appellate rights is not intended to represent Dr. Anderson's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Dr. Anderson from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

  15. If Dr. Anderson's plea is not accepted by the Court or is later set aside or if Dr. Anderson breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

_____      July 11, 2024
David M. Anderson            Date

_____      July 11, 2024
Richard Walker             Date
Counsel for Dr. Anderson

16. The above fifteen paragraphs constitute the entire agreement between Dr. Anderson and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,

WILLIAM IHLENFELD
United States Attorney

By: Sarah E. Wagner
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____      __July 11, 2024_____
David M. Anderson                    Date

_____      __July 11, 2024_____
Richard Walker                       Date
Counsel for Dr. Anderson